UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADAM MAGOMEDOV,

                                    Petitioner,

v.

CHRISTOPHER LAROSE, *et al*.,

                                    Respondents.

Case No.:  26-cv-1171-JO-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]**

For the reasons stated at Dkt. 6, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. **Habeas Petition**: The Court GRANTS Petitioner's habeas petition [Dkt. 1].

2. **Release:** Respondents are ORDERED to release Petitioner by 5 p.m. on March 25, 2026.  Respondents must file a declaration confirming Petitioner's release by 5 p.m. the following business day.

3. **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from redetaining him, unless the government (1) has identified a third country willing

1

to accept Petitioner and (2) has made concrete arrangements for his flight to the identified third country in the reasonably foreseeable future.  Respondents shall file a written declaration with this Court **at least 48 hours prior** to any redetention, confirming that they have satisfied the requirements above.

4. **Restrictions on Removal to a Third Country**: To ensure Petitioner receives constitutionally adequate process—including notice and a meaningful opportunity to seek relief from removal to a country where he may face persecution or torture—the Court ENJOINS Respondents from removing Petitioner to any country not designated on his order of removal (*i.e.*, a "third country") unless they comply with all of the following procedures.  *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) (noncitizens are entitled to due process of law in removal proceedings); *Boumediene v. Bush*, 553 U.S. 723, 779-80 (2008) (while habeas relief commonly includes reprieve from physical imprisonment, "depending on the circumstances, more [relief] may be required").

   a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, and affirmatively ask whether he fears removal to the country identified in the notice;

   b. If Petitioner expresses fear of removal to the identified third country, Respondents must provide a reasonable fear interview **at least 10 days after** issuing the notice, to allow Petitioner sufficient time to prepare for the interview, *see Kumar v. Wamsley*, No. C25-2055-KKE, --- F.Supp3d. ---, 2025 WL 3204724, *8 (W.D. Wash. Nov. 17, 2025) (citing 8 C.F.R. § 208.31(b) and observing that regulations concerning reasonable fear interviews in other immigration contexts contemplate a ten-day timeframe);

   c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen his removal

26-cv-1171-JO-DEB

proceedings to permit him to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide him with a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country in order to provide him with an opportunity to challenge any further unlawful detention.

**IT IS SO ORDERED.**

Dated: March 24, 2026

_____

Honorable Jinsook Ohta
United States District Judge